UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

| JEROME P. REIF, | Case No. 15-21097-dob |
| Debtor. | Chapter 13 Proceeding |
| _____/ | Hon. Daniel S. Opperman |

OPINION REGARDING APPLICATION FOR
COMPENSATION OF DEBTOR'S COUNSEL, SHEK LAW OFFICES

Debtor's counsel, Shek Law Offices, seeks approval of compensation of $8,972.50 for services rendered in this matter to date. The services described in the instant Fee Application start May 8, 2015, and continue through November 3, 2016. On July 24, 2015, this Court confirmed the Debtor's Chapter 13 Plan and awarded Debtor's counsel $3,000.00 for services included in the instant Fee Application.

Two creditors, Daniel and Gary Day, object to the Fee Application, claiming that many of the fees were not beneficial to the estate, as well as the fact that certain services are clerical in nature and involve copying, scanning, and delivery of documents requested by these creditors. In particular, the Fee Application includes services of this nature on the following dates:

| Date | Hours | Amount |
|---|---|---|
| 02/17/16 | 1.0 | $150.00 |
| 02/18/16 | .75 | $112.50 |
| 02/19/16 | .25 | $ 37.50 |
| 06/06/16 | .25 | $ 37.50 |
| 08/17/16 | .25 | $ 37.50 |
| 10/27/16 | 1.0 | $150.00 |
| 11/03/16 | 1.0 | $150.00 |
| Total | 4.5 | $675.00 |

Debtor's counsel's Fee Application also reports time in one-quarter hour increments, as opposed to the tenth of an hour increment as required by Local Bankruptcy Rule 2016-1(a)(15)(A)(iv). The instant Fee Application contains 37 entries containing one-quarter hour increments; 4 for Mr. Shek and 33 for Ms. Shek.

1

The Court heard oral arguments regarding the Fee Application on December 22, 2016, and conditionally awarded $5,000.00 to Debtor's counsel as the Court was satisfied that counsel should be compensated for certain services. Given the press of Court business on December 22, 2016, however, the Court was unable to complete its analysis after hearing oral arguments. This Opinion is designed to supplement the oral opinion given by the Court in open Court on December 22, 2016, and addresses the remaining issues that the Court reserved for decision.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Analysis

Since the instant Fee Application includes services that were previously awarded by way of the July 24, 2015, Order Confirming Plan, the Court will reduce the instant Fee Application by $3,000.00 as those fees have already been awarded. As for the 37 entries that violate Local Bankruptcy Rule 2016-1, the Court notes that 4 of these entries totaling .2 hours are that of Mr. Shek at the rate of $250.00 per hour, which would reduce the Fee Application by $50.00 and 33 of these entries totaling 1.65 hours are that of Ms. Shek at the rate of $150.00 per hour, which would reduce the Fee Application by $247.50. Accordingly, the Court reduces the Fee Application by $297.50. Next, the Court has reviewed the entries for clerical work and considered the arguments of counsel. While the Court notes that compensation for clerical work is generally not appropriate, this is and was an extraordinary case in which the Debtor, and by extension his counsel, was required to track down a number of documents that were generally available, but not easily accessible. This required additional work by Debtor's counsel, which the Court notes. After consideration of the time entries detailed, the Court concludes that 4.5 hours of the Fee Application

were devoted to services involving the scanning and sending of documents that may more properly be described as clerical events. While the Court will not compensate Debtor's counsel for this time at the full hourly rate of $150.00 per hour, the Court will allow recovery of 4.5 hours at the rate of $50.00 per hour for a total recovery of $225.00. Since the Fee Application requested fees for services rendered in this regard for 4.5 hours at $150.00 per hour, the Court will reduce the $675.00 by $450.00 and still allow the $225.00 as noted by the Court.

To recap, the instant Fee Application requests fees of $8,972.50. After deducting the previous fees of $3,000.00 as awarded in the Order Confirming Plan, $5,972.50 remain. Further deductions of $297.50 and $450.00 are appropriate given the incremental hour adjustment and the clerical service adjustment to arrive at $5,225.00 as the appropriate fees that should be awarded to Debtor's counsel. As the Court has already approved $5,000.00 of fees, the Court approves an additional $225.00 of fees for Debtor's counsel for services rendered from May 8, 2015, through November 3, 2016.

Counsel for the Debtor is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on January 06, 2017**

                                                  **/s/ Daniel S. Opperman**
                                                  **Daniel S. Opperman**
                                                  **United States Bankruptcy Judge**